UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

G. Bradford Merkl,                                        Civil No. 06-1446 (JMR/FLN)

      Plaintiff,

      v.                                              **REPORT AND**
                                                         **RECOMMENDATION**
Timothy T. Pendleton, Attorney David Joerg,
Winona County Deputy Sheriff Josh Morken,
Winon County Special Deputy Marsha Womble,
Winona County Sheriff's Office, Assistant County
Attorney Susan Cooper and Winona County Attorney's
Office.

      Defendants.

_____

Pro Se Plaintiff
David A. Joerg for Defendant Timothy T. Pendleton.
Kari C. Stonelake-Hopkins for David A. Joerg
Susan M. Tindal for the Winona County Defendants

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on March 2, 2007, on Winona County Defendants' motion to dismiss [#27], Defendant Joerg's motion to dismiss [#34], Defendant Pendleton's motion to dismiss [#40] and Plaintiff's motion for default judgment [#54]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends Defendants' motions be granted and Plaintiff's motion be denied.[1]

---

[1] Plaintiff's motion for default judgment under Fed. R. Civ. P. 55(b)(2) is based upon the Defendants not answering the complaint in the time allotted under the rules. At this time all Defendants have responded and filed a response to Plaintiff's complaint. In their filings with the Court and at the hearing on this matter, Defendants explained the circumstances that led to the untimely responses. The Court finds that, in light of Defendants' justifications and the general policy disfavoring default judgment, default judgment against the Defendants is not appropriate. Wendt v. Pratt, 154 F.R.D. 229 (D. Minn. 1994).

## I. FINDINGS OF FACT

At its core, this case arises from a land dispute between Plaintiff and Defendant Pendleton. Four cases related to this dispute have been heard and decided by the Minnesota Court of Appeals. TBTG Foundation v. Pendleton and Pendleton v. Merkl, No. C7-00-615, 2000 WL 1693626 (Minn. App. Nov. 14, 2000); State v. Merkl, No. C7-00-1036, 2001 WL 682557 (Minn. App. June 19, 2001); Merkl v. Pendleton, No. A03-959, 2004 WL 1152502 (Minn. App. May 25, 2004); Merkl v. Pendleton, C2-03-512, 2005 WL 2008694 (Minn. App. Oct. 26, 2005).

The Minnesota Court of Appeals stated the facts in the first case considered by them as follows:

> Appellant G. Bradford Merkl and respondent Timothy T. Pendleton met in the early 1980s when they worked together on a variety of construction projects. In 1990, Merkl conveyed 40 acres of real property to appellant T.B.T.G. Foundation (T.B.T.G). Merkl is the secretary-treasurer of T.B.T.G. with the authority to act on behalf of the foundation.
>
> In 1993, with Merkl's permission, Pendleton began constructing a residence on the property. Merkl lives in a mobile home approximately 300 feet from the construction site. During construction, neither party acquired construction permits or assurances that the construction complied with zoning ordinances. In early 1994, Pendleton moved into the partially completed structure ("greenhouse").
>
> Between October 1993 and December 1995, Pendleton requested information about T.B.T.G and indicated his desire to join the board of directors. In December 1993, at T.B.T.G.'s sixth annual board meeting, the board of directors created an "Agreement of Understanding" ("agreement") for Pendleton's signature. The agreement states, in part, that (1) Pendleton has no ownership interest or legal rights in the greenhouse, (2) Pendleton would receive no compensation for his labor, and (3) the building materials, once incorporated into the structure, become the property of T.B.T.G. Merkl invited Pendleton to this meeting, but he did not attend.
>
> In January 1996, Merkl presented the agreement to Pendleton. Pendleton refused to sign it because he did not consider it a fair reflection of his association with T.B.T.G. On May 24, 1996, Merkl brought the document to Pendleton's work site and demanded that Pendleton sign. Pendleton accompanied Merkl to the office of a notary public and signed the agreement, believing that if he did not, Merkl and T.B.T.G. would have him removed from the greenhouse.
>
> In January 1997, Merkl, on behalf of T.B.T.G., presented Pendleton with "guidelines" and "measures," conditions referred to but not detailed in the original

> agreement. These provisions regulated Pendleton's conduct on the land and established penalties for violations. In May 1997, Merkl asked Pendleton to vacate T.B.T.G.'s land due to a violation of a "guideline." Pendleton refused.
>     By July 1997, the parties had filed multiple lawsuits and mutual restraining orders. Merkl and T.B.T.G. sued Pendleton for trespass, private nuisance, damage to personal property, and failure to comply with the guidelines. Pendleton's lawsuit requested a mechanic's lien and alleged fraud and misrepresentation, and unjust enrichment. The mechanic's lien was dismissed by partial summary judgment on June 22, 1998.
>     The claims were consolidated into one action and heard on August 12 and 13, 1999. The district court denied most of the claims, but granted Pendleton $35,000 on his unjust enrichment claim against T.B .T.G. In addition, the district court awarded Pendleton prejudgment interest and granted an equitable lien against the property. In post-verdict motion orders, the district court ordered Pendleton to pay monthly rent to T.B.T.G. and allowed him to remain on the premises until 45 days after the effective date of any appealed judgment. The rent paid was to accrue and offset any judgment for Pendleton.

TBTG Foundation v. Pendleton and Pendleton v. Merkl, 2000 WL 1693626, at *1-2. The Minnesota Court of Appeals affirmed the judgment in favor of Pendleton, but reversed the award of prejudgment interest. Id. at *3-4.

The second case that made its way to the Minnesota Court of Appeals was an appeal by Plaintiff of a conviction for violation of a harassment restraining order. State v. Merkl, 2001 WL 682557. The third case was an interlocutory appeal where the Minnesota Court of Appeals upheld the district court's decision denying Plaintiff's motion for a temporary restraining order. Merkl v. Pendleton, 2004 WL 1152502. The Minnesota Court of Appeals stated the facts of the final case considered by them as follows:

> Pendleton brought an unjust-enrichment claim against T.B.T.G. and obtained a judgment for $36,499.35. Pendleton then obtained a writ of execution to collect the amount due on the judgment, and the land was sold at a sheriff's sale to satisfy the judgment. Less than a month before the execution sale, T.B.T.G. conveyed its interest in the land to Merkl.
>     After the redemption period ended without any redemption, Pendleton commenced suit to evict Merkl from the land. As a defense to that action, Merkl challenged the validity of the sheriff's sale on the ground that the sheriff's office

>failed to first search for personal property to satisfy the judgment against T.B.T.G. The district court rejected the defense and granted a writ of restitution evicting Merkl. This was unsuccessfully appealed.
>
>>Next Merkl initiated the present action, requesting that the sale of the property be voided, requesting that the eviction judgment be set aside, and claiming that there was unjust enrichment because Pendleton would be receiving property worth more than the price paid at the sale. Incident to his action, Merkl filed a motion for a temporary injunction to halt the eviction; the district court denied the motion. Merkl brought an interlocutory appeal of the denial of the motion to this court and we affirmed. In upholding the denial of the temporary injunction, we stated that upon expiration of the redemption period, respondent received all right, title and interest in the real estate that had been sold at the sheriff's sale. We further stated that there is no evidence that the execution sale of the real estate was fraudulent or oppressive or that the deputy sheriff knew of Merkl's personal property at the time of the sale.
>
>>After the interlocutory appeal, the district court adopted a scheduling order and both parties filed motions. Pendleton requested summary judgment dismissing Merkl's claims because there were no issues of material fact and because Merkl had forfeited all his personal property that was still on the premises. Merkl brought the following motions: (1) for clarification; (2) to amend the scheduling order; (3) to compel respondent to comply with discovery requests; (4) to show cause; (5) to amend the complaint, primarily to allege fraud and collusion; (6) for a stay; and (7) to enlarge the time for discovery.
>
>>A hearing was held on these motions. The district court granted Pendleton's motion for summary judgment and dismissed all of Merkl's motions, finding that Merkl was not prejudiced by inadequate time for discovery, that Merkl was barred by res judicata from challenging the sale and eviction, that dismissal of Merkl's motion to amend the complaint to include fraud was appropriate because the claim could not survive summary judgment, and that the issues of personal-property ownership were not pleaded and therefore were not before the court. The district court also stated that if after 30 days the parties were unable to negotiate a time for Merkl to remove what was his undisputed personal property, it would be sold at a public auction with the proceeds going to Merkl.

Merkl v. Pendleton, 2005 WL 2008694, at *1-2 (citations omitted). In its decision affirming the

District Court, the Minnesota Court of Appeals stated

>Merkl has not presented any evidence that T.B.T.G, the actual judgment debtor, had any personal property. In addition, the execution sale is not fraudulent because both the deputy who served the notice and Pendleton have stated that they had no knowledge of personal property owned by T.B.T.G. that could have satisfied the judgment.

4

Id. at *2 n.1.

Now Plaintiff brings this case in Federal District Court based upon constitutional violations of his rights to freedom from cruel and unusual punishment, to due process and to equal protection. These constitutional violations are based upon factual allegations of fraud, failure to follow Minnesota Statutes, and breaches of fiduciary duties in the execution of the sheriff's sale.

## II. THIS COURT LACK JURISDICTION OVER PLAINTIFF'S CLAIMS

The Rooker-Feldman doctrine states that lower federal courts do not have subject matter jurisdiction over challenges to state court judgments. Ballinger v. Culotta, 322 F.3d 546, 548 (8th Cir. 2003) (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)). The Rooker-Feldman doctrine is jurisdictional, therefore, it may be raised by the Court *sua sponte*. Lemonds v. St. Louis County, 222 F.3d 488, 492 (8th Cir. 2000). "A party who was unsuccessful in state court thus 'is barred from seeking what in substance would be appellate review of the state judgment in a United States district court based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" Ballinger, 322 F.3d at 548 (quoting Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994)). This bar extends to "general constitutional claims that are 'inextricably intertwined' with specific claims already adjudicated in state court." Ballinger, 322 F.3d at 549 (citing Lemonds, 222 F.3d at 492). The claims are "inextricably intertwined" if success on the federal claim is only possible if the state court decision was wrongly decided. Ballinger, 322 F.3d at 549.

The Minnesota Court of Appeals has ruled on the legality of the execution sale to satisfy the judgment that Defendant Pendleton had against the Plaintiff. The allegations that underlie Plaintiff's due process and equal protection claims were before the Minnesota Court of Appeals case based

5

upon the execution sale.  Plaintiff's claims are intertwined with the facts and rulings of the state court.  The state court has previously found that the neither the execution sale, nor the circumstances that surrounded it, were fraudulent or conducted contrary to Minnesota law.  For Plaintiff to prevail on his claims in this Court would require this Court to conclude that the state court decision to uphold the sheriff's sale was wrongly decided. This Court lacks the subject matter jurisdiction to undertake such a review.  Therefore, Plaintiff's claims should be dismissed for lack of subject matter jurisdiction.

## III.     RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Winona County Defendants' motion to dismiss [#27], Defendant Joerg's motion to dismiss [#34], and Defendant Pendleton's motion to dismiss [#40] be **GRANTED** and Plaintiff's motion for default judgment [#54]be **DENIED**.


DATED: April 20, 2007                             s/ *Franklin L. Noel*
                                                  FRANKLIN L. NOEL
                                                  United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **May 10, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words.  A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **May 10, 2007,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.